UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SMERALDA ROMIN, Petitioner,

v. Civil Action No. 4:26-cv-465-DJH

JASON WOOSLEY, Jailer, Grayson County Detention Center et al., Respondents.

* * * * *

# MEMORANDUM AND ORDER

Petitioner Smeralda Romin, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her removal proceedings. She alleges that her detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and they have submitted briefs setting out their respective legal arguments (D.N. 6; D.N. 7). After careful consideration, the Court will grant Romin's petition for the reasons explained below.

## I.

Romin is a native and citizen of Haiti. (D.N. 1, PageID.1 ¶ 1; *see* D.N. 6-1, PageID.32) She entered the United States on January 31, 2024, and was paroled into the country.[1] (*See* D.N. 6-3, PageID.38) The parole automatically expired on January 31, 2026. (*See id.*) On the same day that Romin entered the United States, she was placed in removal proceedings via a Notice to Appear, which designated her as an "arriving alien." (D.N. 6-2, PageID.34) On May 24, 2026,

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

Indiana law enforcement charged Romin with leaving the scene of an accident; that case remains pending. (*See* D.N. 6-4, PageID.39–41) U.S. Immigration and Customs Enforcement (ICE) officials arrested Romin pursuant to an arrest warrant. (*See* D.N. 6-5, PageID.42) She remains detained at the Grayson County Detention Center in Leitchfield, Kentucky. (*See* D.N. 1-1, PageID.14)

Romin seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, the Chicago ICE Field Office Director, the Acting Director of ICE, Department of Homeland Security Secretary Markwayne Mullin, and U.S. Attorney General Todd Blanche. (*See* D.N. 1, PageID.5–6 ¶¶ 22–26) Romin alleges that her detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; accompanying regulations; and due process under the Fifth Amendment. (*See id.*, PageID.9–11 ¶¶ 45–59) She seeks immediate release. (*See id.*, PageID.11) Respondents argue that Romin is properly detained under 8 U.S.C. § 1225(b)(2) as an arriving alien and that her detention does not violate due process.[2] (*See* D.N. 6, PageID.23–31)

**II.**

**A. Immigration and Nationality Act**

Romin asserts that 8 U.S.C. § 1226(a) governs her detention and that she is entitled to a bond hearing. (*See* D.N. 1, PageID.9 ¶¶ 46–47) Respondents argue that § 1225(b)(2) requires Romin's detention. (*See* D.N. 6, PageID.23–27)

The Court previously addressed arguments related to a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court

[2] Respondents do not contest that the Court has jurisdiction to review Romin's petition (*see generally* D.N. 6). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). Nor do Respondents argue whether Romin must exhaust administrative remedies. (*See generally* D.N. 6) Therefore, the Court will not address those issues.

thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the petitioner was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired. *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he was not an arriving alien, he was not automatically returned to mandatory detention, and he remained an applicant for admission. *See id.* at *2–3. The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because he was not "seeking admission" as that provision requires. *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States. *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)). The Court concluded that § 1226(a) applied to the petitioner's detention because that provision "generally governs the process of arresting and detaining [noncitizens] once inside the United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)); *see also Ontiveros v. Warden Corr. Ctr. of Nw. Ohio*, No. 3:26-cv-632, 2026 WL 1109422, at *5 (N.D. Ohio Apr. 24, 2026) (rejecting argument that "an arriving immigrant who is paroled and whose parole expires remains an ['arriving alien'] even when that term no longer logically applies to them"); *Matkarimov v. Noem*, No. 26-48-DLB, 2026 WL 700072, at *2 (E.D. Ky. Mar. 12, 2026) (collecting cases and finding that "once Petitioner's parole expired, yet he remained in the country undetected, he would have similar status to any other undocumented immigrant who entered the United States without inspection").

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the

United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–23. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, immigration authorities detained Romin in the United States after she overstayed her parole. (*See* D.N. 6-5, PageID.42) Like the petitioner in *Quintero*, Romin is an applicant for admission because she has not been admitted to the United States. (*See* D.N. 6-2, PageID.34 (stating that Romin applied for admission)) And like the petitioners in *Lopez-Campos*, Romin is not seeking admission because she is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Lopez-Campos*, 175 F.4th at 723. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Romin's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Romin is thus entitled to a bond hearing. *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B. Due Process**

Romin's detention without a bond hearing violates due process. *See id.* Because she has not received such a hearing (*see generally* D.N. 1; D.N. 6), the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026). "Habeas has traditionally been a means to secure release from unlawful detention."

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite*, 808 F. Supp. 3d at 494 (ordering the petitioner's release and that the respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with those decisions, the Court will order Romin's immediate release.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Romin's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Romin and shall not re-detain her without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **August 12, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 11, 2026

**David J. Hale, Chief Judge**
**United States District Court**